# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Derrick Riddle, | Case No. 10-CV-3128 (SRN/LIB) |
| Petitioner, | |
| v. | **ORDER** |
| Bruce Reiser, Warden, | |
| Respondent. | |

Over nine years ago, petitioner Derrick Riddle filed a petition for a writ of habeas corpus in this matter challenging the validity of a state-court conviction. Over eight years ago, the Court denied Riddle's petition. About one month ago, Riddle filed a notice of appeal and a motion for the Court to reconsider its decision not to issue a certificate of appealability ("COA") in this matter. *See* Doc. Nos. 22 & 24. And about two weeks ago, Riddle requested permission to proceed *in forma pauperis* ("IFP") on appeal. *See* Doc. No. 30. Riddle's attempt to seek appeal from the denial of his habeas petition has come far too late, and, in any event, he has not convinced the Court that its original decision to deny a COA was erroneous. Accordingly, Riddle's motions will be denied.

Rule 4 of the Federal Rules of Appellate Procedure sets the deadlines by which a litigant must file a notice of appeal. Ordinarily, a notice of appeal in a civil matter not involving the United States, its agencies, or its employees as a party "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Rule 4 provides two safety valves, however. First, the district

1

court may *extend* the time to file an appeal if "(i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Second, the district court may *reopen* the time to file an appeal "if all the following conditions are satisfied":

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77 (d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77 (d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

This matter was dismissed, and judgment was entered on August 29, 2011. *See* Doc. Nos. 19 & 20. Riddle did not file his notice of appeal under December 17, 2019, *see* Doc. No. 24 at 4; Fed. R. App. P. 4(c) — that is, 3,002 days too late under Rule 4(a)(1)(A). To extend the time to file a notice of appeal under Rule 4(a)(5), the Court was required to have received a motion from Riddle "no later than 30 days after the time prescribed by this Rule 4(a) expires." This deadline passed 2,972 days before Riddle's notice of appeal was filed. And to reopen the time to file an appeal, the Court was required to have received a motion from Riddle "within 180 days after the judgment or order is entered . . . ." Fed. R. App. P. 4(a)(6)(B). This deadline passed 2,852 days

2

before the notice of appeal was filed. It is now much too late for the Court to extend or reopen the time for appeal.

Riddle nevertheless argues that he should be permitted to pursue his appeal because of excusable neglect: he did not (he alleges) receive the order of the Court denying his petition and dismissing this case. *See* Doc. No. 28 at 1. Excusable neglect is necessary to succeed on a motion to extend the filing deadline, but it is not sufficient; a litigant must still submit his motion within 30 days of the Rule 4(a) deadline. *See* Fed. R. App. P. 4(a)(5)(A)(i). Similarly, failure to receive notice of the entry of judgment is necessary to succeed on a motion to reopen the filing deadline, but it is not sufficient; a litigant must still submit that motion within 180 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(6)(B). Accordingly, Riddle's request that this Court find that his failure to file a notice of appeal was a matter of excusable neglect is denied as moot.

The extreme tardiness of Riddle's attempt to appeal this action renders any attempt to now pursue appellate relief futile. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The appeal filed so late cannot be said to be taken in good faith. Riddle's IFP application is denied on that basis.

Finally, Riddle requests reconsideration of the Court's decision to deny a COA in this matter. A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a "COA." *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a

showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The question of whether Riddle should receive a COA is largely moot; he cannot pursue an appeal at this time even if he were to be granted a COA. But, leaving that aside, Riddle has not identified anything that causes the Court to believe that its original denial of a COA was erroneous. Accordingly, the motion to reconsider is denied on that basis.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Derrick Riddle's motion to reconsider [Doc. No. 22] is DENIED.
2. Riddle's motion for a finding of excusable neglect [Doc. No. 28] is DENIED AS MOOT.
3. Riddle's application to proceed *in forma pauperis* on appeal [Doc. No. 30] is DENIED.

Dated: January 29, 2020

s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge